AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

MARIO VENTURA and ROSALIA VENTURA,
Plaintiffs,

V.

NEW YORK CITY TRANSIT AUTHORITY, MTA
NEW YORK CITY TRANSIT, METROPOLITAN
TRANSIT AUTHORITY, MTA CAPITAL
CONSTRUCTION COMPANY, THE CITY OF
NEW YORK and JUDLAU CONTRACTING, INC.,
Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08- 08 CV 02765

JUDGE STANTON

TO: (Name and address of Defendant)

SEE ANNEXED RIDER

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

TRIEF & OLK
150 East 58th Street
New York, New York 10155
212-486-6060

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK                                             MAR 1 7 2008

_____[signature]_____              DATE
(By) DEPUTY CLERK

NEW YORK CITY TRANSIT AUTHORITY
130 Livingston Street
Brooklyn, New York 11201

MTA NEW YORK CITY TRANSIT
130 Livingston Street
Brooklyn, New York 11201

METROPOLITAN TRANSIT AUTHORITY
347 Madison Avenue
New York, New York

MTA CAPITAL CONSTRUCTION COMPANY
2 Broadway – 8th Floor
New York, New York 10004

THE CITY OF NEW YORK
1 Centre Street
New York, New York 10007

JUDLAU CONTRACTING, INC.
26-15 Ulmer Street
College Point, New York 11354

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIO VENTURA AND ROSALIA VENTURA,

                Plaintiffs,

    - against –

NEW YORK CITY TRANSIT AUTHORITY,
MTA NEW YORK CITY TRANSIT,
METROPOLITAN TRANSIT AUTHORITY,
MTA CAPITAL CONSTRUCTION COMPANY,
THE CITY OF NEW YORK, and
JUDLAU CONTRACTING, INC.

                Defendants.
-------------------------------------------------------------x



COMPLAINT

JURY TRIAL DEMANDED

08 CV 02765

Plaintiffs, MARIO VENTURA and ROSALIA VENTURA, (hereinafter "Plaintiffs"), by their attorneys, TRIEF & OLK, as and for their Complaint against the defendants, NEW YORK CITY TRANSIT AUTHORITY, MTA NEW YORK CITY TRANSIT, METROPOLITAN TRANSIT AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, THE CITY OF NEW YORK, and JUDLAU CONTRACTING, INC. (hereinafter "defendants"), alleges at all material times as follows:

    1.    At all relevant times, Plaintiffs were residents of the State of New Jersey.

    2.    At all relevant times, Plaintiff Mario Ventura was and still is married to Plaintiff Rosalia Ventura.

    3.    Defendant, NEW YORK CITY TRANSIT AUTHORITY, is a body corporate organized and existing under and by virtue of the laws of the State of New York with a place of business in the County of New York, State of New York.

4. Defendant, MTA NEW YORK CITY TRANSIT, is a body corporate organized and existing under and by virtue of the laws of the State of New York.

5. Defendant, METROPOLITAN TRANSIT AUTHORITY, is a body corporate organized and existing under and by virtue of the laws of the State of New York with a principal place of business in the County of New York, State of New York.

6. Defendant, MTA CAPITAL CONSTRUCTION COMPANY, is a body corporate organized and existing under and by virtue of the laws of the State of New York with a principal place of business in the County of New York, State of New York.

7. Defendant, THE CITY OF NEW YORK ("the City"), was and is still a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant JUDLAU CONTRACTING, INC. is a corporation duly organized under the laws of the state of New York with a principal place of business in the County of Suffolk, State of New York.

9. Defendants are subject to personal jurisdiction in the Southern District of New York.

10. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. Jurisdiction of this action is based on 28 U.S.C. § 1332.

12. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because Defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, and THE CITY OF NEW YORK reside in the Southern District of New York.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

14. On October 15, 2007, Plaintiff Mario Ventura was injured while employed by Schiavone Construction Co. and performing construction work at the South Ferry Terminal Project in New York, New York.

15. Plaintiff Mario Ventura was injured below street level in a subway entrance under construction at a location across the street from 17 State Street and adjacent to Battery Park.

16. While performing construction work at the premises, plaintiff suffered serious physical injuries when he fell from a defective ladder that was used instead of stairs as a regular means of access between the ground level and a lower area where workers stored belongings.

17. At the time of the accident, the plaintiff was not provided with proper safety equipment to protect him from falling from an elevation and sustaining injuries.

18. At the time of the accident, adequate and proper measures were not taken to ensure that workers could perform elevated work in a safe manner.

19. The ladder plaintiff was using at the time of his accident was not equipped with appropriate safety devices.

20. The ladder was not properly and safely maintained.

21. The ladder was improper and unsafe because it was a detached and separated part of an extension ladder.

22. The ladder contained defective rungs.

23. The ladder was not properly secured in place.

24. The ladder did not have firm footings.

25. The ladder did not extend a sufficient length above the upper floor, level or landing.

26. Proper handholds were not provided with use of the ladder.

27. The defective condition of the ladder caused the plaintiff to suffer serious injuries.

28. Upon information and belief, the defendant, NEW YORK CITY TRANSIT AUTHORITY, owned the area where the accident occurred.

29. Upon information and belief, the defendant, NEW YORK CITY TRANSIT AUTHORITY, managed the area where the accident occurred.

30. Upon information and belief, the defendant, NEW YORK CITY TRANSIT AUTHORITY, controlled the area where the accident occurred.

31. Upon information and belief, the defendant, NEW YORK CITY TRANSIT AUTHORITY, operated the area where the accident occurred.

32. Upon information and belief, the defendant, NEW YORK CITY TRANSIT AUTHORITY, maintained the area where the accident occurred.

33. Upon information and belief, the defendant, MTA NEW YORK CITY TRANSIT, owned the area where the accident occurred.

34. Upon information and belief, the defendant, MTA NEW YORK CITY TRANSIT, managed the area where the accident occurred.

35. Upon information and belief, the defendant, MTA NEW YORK CITY TRANSIT, controlled the area where the accident occurred.

36. Upon information and belief, the defendant, MTA NEW YORK CITY TRANSIT, operated the area where the accident occurred.

37. Upon information and belief, the defendant, MTA NEW YORK CITY TRANSIT, maintained the area where the accident occurred.

38. Upon information and belief, the defendant, METROPOLITAN TRANSIT AUTHORITY, owned the area where the accident occurred.

39. Upon information and belief, the defendant, METROPOLITAN TRANSIT AUTHORITY, managed the area where the accident occurred.

40. Upon information and belief, the defendant, METROPOLITAN TRANSIT AUTHORITY, controlled the area where the accident occurred.

41. Upon information and belief, the defendant, METROPOLITAN TRANSIT AUTHORITY, operated the area where the accident occurred.

42. Upon information and belief, the defendant, METROPOLITAN TRANSIT AUTHORITY, maintained the area where the accident occurred.

43. Upon information and belief, the defendant, MTA CAPITAL CONSTRUCTION COMPANY, owned the area where the accident occurred.

44. Upon information and belief, the defendant, MTA CAPITAL CONSTRUCTION COMPANY, managed the area where the accident occurred.

45. Upon information and belief, the defendant, MTA CAPITAL CONSTRUCTION COMPANY, controlled the area where the accident occurred.

46. Upon information and belief, the defendant, MTA CAPITAL CONSTRUCTION COMPANY, operated the area where the accident occurred.

47. Upon information and belief, the defendant, MTA CAPITAL

CONSTRUCTION COMPANY, operated the area where the accident occurred.

48. Upon information and belief, the defendant, MTA CAPITAL CONSTRUCTION COMPANY, maintained the area where the accident occurred.

49. Upon information and belief, the defendant, THE CITY OF NEW YORK, owned the area where the accident occurred.

50. Upon information and belief, the defendant, THE CITY OF NEW YORK, managed the area where the accident occurred.

51. Upon information and belief, the defendant, THE CITY OF NEW YORK, controlled the area where the accident occurred.

52. Upon information and belief, the defendant, THE CITY OF NEW YORK, operated the area where the accident occurred.

53. Upon information and belief, the defendant, THE CITY OF NEW YORK, maintained the area where the accident occurred.

54. Upon information and belief, the defendant, JUDLAU CONTRACTING, INC, was the general contractor at the construction site where plaintiff was working.

55. Upon information and belief, the defendant, JUDLAU CONTRACTING, INC., managed the area where the accident occurred.

56. Upon information and belief, the defendant, JUDLAU CONTRACTING, INC., controlled the area where the accident occurred.

57. Upon information and belief, the defendant, JUDLAU CONTRACTING, INC., operated the area where the accident occurred.

58. Upon information and belief, the defendant, JUDLAU CONTRACTING, INC., maintained the area where the accident occurred.

59. Verified notices of claim pursuant to Section 50(e) of the General Municipal Law were duly and properly served by plaintiffs on the defendants NEW YORK CITY TRANSIT AUTHORITY, MTA NEW YORK CITY TRANSIT, THE CITY OF NEW YORK, and MTA CAPITAL CONSTRUCTION COMPANY on November 13, 2007, prior to ninety (90) days after the instant claim arose. (Notices of claim are nnexed hereto as exhibits).

60. A verified notice of claim pursuant to Section 50(e) of the General Municipal Law was duly and properly served by plaintiffs on the defendant METROPOLITAN TRANSIT AUTHORITY on November 20, 2007, prior to ninety (90) days after the instant claim arose. (Notice of claim is nnexed hereto as an exhibit).

61. Within ninety (90) days of the filing of the notice of claims, the NEW YORK CITY TRANSIT AUTHORITY requested an examination of plaintiffs pursuant to General Municipal Law Section 50-h.

62. The defendants, MTA NEW YORK CITY TRANSIT, METROPOLITAN TRANSIT AUTHORITY, THE CITY OF NEW YORK, and MTA CAPITAL CONSTRUCTION COMPANY have not requested an examination of the plaintiffs pursuant to General Municipal Law Section 50-h.

63. The General Municipal Law Section 50-h examination by NEW YORK CITY TRANSIT AUTHORITY of both plaintiffs occurred on March 7, 2008.

64. More than thirty (30) days have elapsed since presentation of the notices

of claims.

65. The defendants have neglected and/or refused to make any adjustments or payment for more than thirty (30) days after presentation to it of notice.

66. This action is being commenced within one (1) year and ninety (90) days after the cause of action accrued.

67. Defendants were responsible for ensuring compliance with Sections 200, 240(1), 240(2) and 241(6) of the New York State Labor Law and the regulations relating thereto.

## AS AND FOR A FIRST CAUSE OF ACTION

68. Defendants violated Section 200 of the New York State Labor Law.

69. Plaintiff's severe injuries were caused by defendants' violation of Section 200 of the New York State Labor Law.

## AS AND FOR A SECOND CAUSE OF ACTION

70. Defendants violated Section 240(1) of the New York State Labor Law.

71. Plaintiff's severe injuries were caused by defendants' violation of Section 240(1) of the New York State Labor Law.

## AS AND FOR A THIRD CAUSE OF ACTION

72. Defendants violated Section 241(6) of the New York State Labor Law.

73. Plaintiff's severe injuries were caused by defendants' violation of Section 241(6) of the New York State Labor Law.

## AS AND FOR A FOURTH CAUSE OF ACTION

74. Defendants were negligent.

75. Plaintiff's severe injuries were caused by defendants' negligence.

## AS AND FOR A FIFTH CAUSE OF ACTION

76. Because of the defendants' wrongful acts, Rosalia Ventura has been deprived of the services of Mario Ventura and her comfort, happiness and companionship have been impaired.

77. Because of the defendants' wrongful acts, Plaintiff Rosalia Ventura was required to and did incur large sums of money in medical, hospital, and other care and treatment of the aforesaid injuries to her husband, and, upon information and belief, will be required to expend further substantial sums because of said injuries from the present and continuing into the future for an indefinite period.

WHEREFORE, the Plaintiff demands judgment against the defendants in a monetary sum far exceeding the jurisdictional limitations of this court as follows:

(a) on the first claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law;

(b) on the second claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law;

(c) on the third claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law;

(d) on the fourth claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law; and

(e) on the fifth claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law;

Plaintiff demands a trial by jury on all counts.

Dated:  New York, New York
        March 12, 2008

                                              TRIEF & OLK

                                    By:       _____
                                              Ted Trief (TT 7594)
                                              Eric Dinnocenzo (ED 3430)
                                              Attorneys for Plaintiffs
                                              150 East 58th Street, 34th Floor
                                              New York, New York 10155
                                              (212) 486-6060