United States District Court
Southern Dist ~~COURT OF THE STATE OF~~ NEW YORK
~~COUNTY OF~~ _____

MARIO VENTURA et ano

Attorney: TRIEF
Return Date:
Index No. 08CV 02765
Date Filed:

— against —

New York City Transit Authority et al

~~Petitioner(s)~~
Plaintiff(s)

Defendant(s)
~~Respondent(s)~~

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU   SS:
THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY OF THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on March 18th, 2008 at 1:31 P.M. at 130 Livingston St, Brooklyn, NY deponent served the within Summons in a Civil Action, Complaint, Individual Practices of Judge Louis L. Stanton, Individual Practices of Magistrate Judge Theodore H. Katz, Procedures and Instructions for Filing and Electronic Case Guidelines for Electronic Case Filing, Procedures for Electronic Case Filing upon witness/defendant/respondent (hereinafter called the recipient) therein named.

New York City Transit Authority

**INDIVIDUAL A** ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient therein.

**CORPORATION B** ☒ By delivering to and leaving with Angeline Ingram and that he knew the person so served and authorized to accept service to be ☐ an officer ☐ director ☐ managing or general agent ☐ cashier ☐ assistant cashier ☒ Agent authorized by appointment or by law to receive service.
☐ Other pursuant to CPLR Section 311:

**SUITABLE AGE PERSON C** ☐ By delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. D** ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there
Deponent talked to _____ at said premises who stated that recipient ☐ lived ☐ worked there.

**MAILING TO RESIDENCE USE WITH C or D E** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**MAILING TO BUSINESS USE WITH C or D F** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**DESCRIPTION G** ☒ Deponent further states that he describes the person actually served as follows:
SEX: Female   SKIN COLOR: Black   HAIR COLOR: Black   AGE (Approx.): 45-50yrs   HEIGHT (Approx.): sitting   WEIGHT (Approx.): 160 lbs
Other Identifying Features: Eyeglasses

**WITNESS FEES H** $ _____ the authorizing traveling expenses and one day's witness fee:
☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE I** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes

Sworn to before me the 19th day of March, 2008

_Dawn Avellino_
(Notary Public)

DAWN AVELLINO
NOTARY PUBLIC, State of New York
No. 4879456
Qualified in Nassau County
Commission Expires March 23, 2011

_John F. Barry_
JOHN F. BARRY
License No. 798044

P-2

UNITED STATES DISTRICT COURT
SOUTHERN DIST ~~COURT OF THE STATE OF~~ NEW YORK
~~COUNTY OF~~

MARIO VENTURA ET ANO

— against —

NEW YORK CITY TRANSIT AUTHORITY ET AL

~~Petitioner(s)~~
Plaintiff(s)

Defendant(s)
~~Respondent(s)~~

Attorney: TRIEF
Return Date:
Index No. 08CV-02765
Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU SS:
THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY OF THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on MARCH 18th, 2008 at 1:31 P.M. at 130 LIVINGSTON ST, BROOKLYN, NY deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT, INDIVIDUAL PRACTICES OF JUDGE LOUIS L. STANTON, INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE THEODORE H. KATZ, INSTRUCTIONS FOR FILING AND ELECTRONIC CASE FILING, GUIDELINES FOR ELECTRONIC CASE FILING, PROCEDURES FOR ELECTRONIC CASE FILING upon

witness/defendant/respondent (hereinafter called the recipient) therein named.

MTA NEW YORK CITY TRANSIT

**INDIVIDUAL A** ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient therein.

**CORPORATION B** ☒ By delivering to and leaving with ANGELINE INGRAM and that he knew the person so served and authorized to accept service to be ☐ an officer ☐ director ☐ managing or general agent ☐ cashier ☐ assistant cashier ☒ Agent authorized by appointment or by law to receive service.
☐ Other pursuant to CPLR Section 311:

**SUITABLE AGE PERSON C** ☐ By delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. D** ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there
Deponent talked to _____ at said premises who stated that recipient ☐ lived ☐ worked there.

**MAILING TO RESIDENCE USE WITH CorD E** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**MAILING TO BUSINESS USE WITH CorD F** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at _____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**DESCRIPTION G** ☒ Deponent further states that he describes the person actually served as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE (Approx.) | HEIGHT (Approx.) | WEIGHT (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 45/50 YRS | SITTING | 160 LBS |

Other Identifying Features: EYEGLASSES

**WITNESS FEES H** $ _____ the authorizing traveling expenses and one day's witness fee: ☐ was paid (tendered) to the recipient ☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE I** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn to before me the 19th day of March, 2008

_Dawn Avellino_
(Notary Public)

DAWN AVELLINO
NOTARY PUBLIC, State of New York
No. 4879456
Qualified in Nassau County
Commission Expires March 23, 2011

_John F. Barry_
JOHN F. BARRY
License No. 798044

P-2

UNITED STATES DISTRICT COURT
Southern District COURT ~~OF THE STATE OF~~ NEW YORK
~~COUNTY~~ OF _____

MARIO VENTURA ET ANO

— against —

NEW YORK CITY TRANSIT AUTHORITY ET AL

☐ ~~Petitioner~~(s)
☒ Plaintiff(s)
☒ Defendant(s)
☐ ~~Respondent~~(s)

Attorney: TRIEF
Return Date: _____
Index No. 08 CV 02765
Date Filed: _____

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU SS:
THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY OF THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on MARCH 18th, 2008 at 3:29 P.M. at 347 MADISON AVE, NY, NY
deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT, INDIVIDUAL PRACTICES OF JUDGE LOUIS L. STANTON, INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE THEODORE H. KATZ, INSTRUCTIONS FOR FILING AN ELECTRONIC CASE, GUIDELINES FOR ELECTRONIC CASE FILING, PROCEDURES FOR ELECTRONIC CASE FILING upon witness/defendant/respondent (hereinafter called the recipient) therein named.

METROPOLITAN TRANSIT AUTHORITY

**INDIVIDUAL A** ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient therein.

**CORPORATION B** ☒ By delivering to and leaving with MYRNA ARCHER and that he knew the person so served and authorized to accept service to be ☐ an officer ☐ director ☐ managing or general agent ☐ cashier ☐ assistant cashier ☒ Agent authorized by appointment or by law to receive service.
☐ Other pursuant to CPLR Section 311: _____

**SUITABLE AGE PERSON C** ☐ By delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. D** ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there
Deponent talked to _____ at said premises who stated that recipient ☐ lived ☐ worked there.

**MAILING TO RESIDENCE USE WITH CorD E** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**MAILING TO BUSINESS USE WITH CorD F** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at _____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**DESCRIPTION G** ☒ Deponent further states that he describes the person actually served as follows:
SEX: FEMALE   SKIN COLOR: BROWN   HAIR COLOR: BLACK   AGE (Approx.): 45-50 YRS   HEIGHT (Approx.): 5'9"   WEIGHT (Approx.): 180 LBS
Other Identifying Features: _____

**WITNESS FEES H** ☐ $ _____ the authorizing traveling expenses and one day's witness fee:
☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE I** ☐ I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn to before me the 19th day of March, 2008

_____
(Notary Public)

DAWN AVELLINO
NOTARY PUBLIC, State of New York
No. 4879456
Qualified in Nassau County
Commission Expires March 23, 2011

_____
JOHN F. BARRY
License No. 798044

P-2

UNITED STATES DISTRICT COURT
SOUTHERN DIST ~~COURT OF THE STATE OF~~ NEW YORK

~~COUNTY OF~~

MARIO VENTURA ET ANO — ~~Petitioner(s)~~ Plaintiff(s)

— against —

NEW YORK CITY TRANSIT AUTHORITY ET AL — Defendant(s) ~~Respondent(s)~~

Attorney: TREF
Return Date:
Index No. 08CV02765
Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU SS:
THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY OF THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on MARCH 18th, 2008 at 1:55 P.M. at 2 BROADWAY, 8-4 FLOOR, NY NY
deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT, INDIVIDUAL PRACTICES OF JUDGE LOUIS L. STANTON, INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE THEODORE H. KATZ, INSTRUCTION FOR FILING AN ELECTRONIC CASE, GUIDELINES FOR ELECTRONIC CASE FILING, PROCEDURES FOR ELECTRONIC FILING upon

witness/defendant/respondent (hereinafter called the recipient) therein named.

MTA CAPITAL CONSTRUCTION COMPANY

**INDIVIDUAL A** ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient therein.

**CORPORATION B** ☒ By delivering to and leaving with REMY VILLADA and that he knew the person so served and authorized to accept service to be ☐ an officer ☐ director ☐ managing or general agent ☐ cashier ☐ assistant cashier
☒ Agent authorized by appointment or by law to receive service.
☐ Other pursuant to CPLR Section 311:

**SUITABLE AGE PERSON C** ☐ By delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. D** ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there
Deponent talked to _____ at said premises who stated that recipient ☐ lived ☐ worked there.

**MAILING TO RESIDENCE USE WITH CorD E** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**MAILING TO BUSINESS USE WITH CorD F** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at _____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**DESCRIPTION G** ☒ Deponent further states that he describes the person actually served as follows:
SEX: FEMALE   SKIN COLOR: WHITE   HAIR COLOR: BROWN   AGE (Approx.): 45-50 YRS   HEIGHT (Approx.): 5'6"   WEIGHT (Approx.): 140 lbs
Other Identifying Features: EYEGLASSES

**WITNESS FEES H** $ _____ the authorizing traveling expenses and one day's witness fee: ☐ was paid (tendered) to the recipient ☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE I** ☐ I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn to before me the 19th day of March, 2008

_(signature)_ Dawn Avellino (Notary Public)

DAWN AVELLINO
NOTARY PUBLIC, State of New York
No. 4879456
Qualified in Nassau County
Commission Expires March 23, 2011

_(signature)_ John F. Barry
JOHN F. BARRY
License No. 798044

P-2

United States District Court
Southern Dist ~~COURT OF THE STATE OF~~ NEW YORK
~~COUNTY~~ OF _____
MARIO VENTURA et ano

— against —

New York City Transit Authority et al

Attorney: TRIEF
Return Date: _____
Index No. 08 CV 02765
Date Filed: _____

~~Petitioner~~(s)
Plaintiff(s)

Defendant(s)
~~Respondent~~(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NASSAU    SS:
THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY OF THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK. OFFICE OF CORPORATION COUNSEL

That on March 18th, 2008 at 1:05 P.M. at 100 Church St 4th Floor, NY, NY
deponent served the within Summons in a Civil Action, Complaint, Individual Practice of Judge Louis L. Stanton, Individual Practices of Magistrate Judge Theodore H. Katz, Instructions for Filing and Electronic Case, Guidelines for Electronic Case Filing, and Procedures for Electronic Case Filing

upon ~~witness~~/defendant/~~respondent~~ (hereinafter called the recipient) therein named.

The City of New York

**INDIVIDUAL A** ☐ By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient therein.

**CORPORATION B** ☒ By delivering to and leaving with TAMEIKA MENDES-GAMMON and that he knew the person so served and authorized to accept service to be ☐ an officer ☐ director ☐ managing or general agent ☐ cashier ☐ assistant cashier
☒ Agent authorized by appointment or by law to receive service.
☐ Other pursuant to CPLR Section 311:

**SUITABLE AGE PERSON C** ☐ By delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. D** ☐ By affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there
Deponent talked to _____ at said premises who stated that recipient ☐ lived ☐ worked there.

**MAILING TO RESIDENCE USE WITH C or D E** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**MAILING TO BUSINESS USE WITH C or D F** ☐ Within 24 hours of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at _____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**DESCRIPTION G** ☒ Deponent further states that he describes the person actually served as follows:
SEX: Female  SKIN COLOR: Brown  HAIR COLOR: Black  AGE (Approx.): 30-35 YRS  HEIGHT (Approx.): 5'7"  WEIGHT (Approx.): 130 lbs
Other Identifying Features: _____

**WITNESS FEES H** ☐ $ _____ the authorizing traveling expenses and one day's witness fee:
☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE I** ☐ I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes

Sworn to before me the 19th day of March, 2008

_(signature)_ (Notary Public)

DAWN AVELLINO
NOTARY PUBLIC, State of New York
No. 4879456
Qualified in Nassau County
Commission Expires March 23, 2011

_(signature)_
JOHN F. BARRY
License No. 798044

P-2