UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIO VENTURA and ROSALIA VENTURA

                          Plaintiffs,           CASE NO. 08-CV-02765

    against

                                                   **ANSWER AND**
                                                   **CROSS CLAIMS**

NEW YORK CITY TRANSIT AUTHORITY, MTA
NEW YORK CITY TRANSIT, METROPOLITAN
TRANSIT AUTHORITY, MTA CAPITAL CONSTRUCTION
COMPANY, THE CITY OF NEW YORK and
JUDLAU CONTRACTING, INC.

                          Defendants.
------------------------------------------------------------------------x

       Defendants, NEW YORK CITY TRANSIT AUTHORITY ("NYCTA"), MTA NEW YORK CITY TRANSIT ("MTA NYC"), METROPOLITAN TRANSIT AUTHORITY ("MTA"), MTA CAPITAL CONSTRUCTION COMPANY ("MTA CAPITAL"), and THE CITY OF NEW YORK ("CITY"), by their attorneys, Greenblatt Lesser LLP, as and for their Answer to plaintiffs' Complaint, respectfully allege upon information and belief as follows:

       (1)     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

       (2)     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

       (3)     Deny each and every allegation contained in Paragraph 3, except admit that defendant NYCTA is a public benefit corporation organized and existing pursuant to the laws of

the State of New York.

(4)    Deny each and every allegation contained in Paragraph 4, except that the MTA New York City Transit is a public benefit corporation organized and existing pursuant to the laws of the State of New York.

(5)    Deny each and every allegation contained in Paragraph 5, except that the MTA is a public benefit corporation organized and existing pursuant to the laws of the State of New York.

(6)    Deny each and every allegation contained in Paragraph 6, except that the MTA CAPITAL CONSTRUCTION is a public benefit corporation organized and existing pursuant to the laws of the State of New York.

(7)    Deny each and every allegation contained in Paragraph 7, except that the CITY is a municipal corporation.

(8)    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

(9)    Deny each and every allegation contained in paragraph 9

(10)   Deny each and every allegation contained in paragraph 10.

(11)   Deny each and every allegation contained in paragraph 11.

(12)   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

(13)   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 except admit that defendants have offices in the Southern District of New York.

(14)   Deny each and every allegation contained in paragraph 14.

(15) Deny each and every allegation contained in paragraph 15.

(16) Deny each and every allegation contained in paragraph 16.

(17) Deny each and every allegation contained in paragraph 17.

(18) Deny each and every allegation contained in paragraph 18.

(19) Deny each and every allegation contained in paragraph 19.

(20) Deny each and every allegation contained in paragraph 20.

(21) Deny each and every allegation contained in paragraph 21.

(22) Deny each and every allegation contained in paragraph 22.

(23) Deny each and every allegation contained in paragraph 23.

(24) Deny each and every allegation contained in paragraph 24.

(25) Deny each and every allegation contained in paragraph 25.

(26) Deny each and every allegation contained in paragraph 26.

(27) Deny each and every allegation contained in paragraph 27.

(28) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

(29) Deny each and every allegation contained in paragraph 29.

(30) Deny each and every allegation contained in paragraph 30.

(31) Deny each and every allegation contained in paragraph 31.

(32) Deny each and every allegation contained in paragraph 32.

(33) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

(34) Deny each and every allegation contained in paragraph 34.

(35) Deny each and every allegation contained in paragraph 35.

(36) Deny each and every allegation contained in paragraph 36.

(37) Deny each and every allegation contained in paragraph 37.

(38) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

(39) Deny each and every allegation contained in paragraph 39.

(40) Deny each and every allegation contained in paragraph 40.

(41) Deny each and every allegation contained in paragraph 41.

(42) Deny each and every allegation contained in paragraph 42.

(43) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

(44) Deny each and every allegation contained in paragraph 44.

(45) Deny each and every allegation contained in paragraph 45.

(46) Deny each and every allegation contained in paragraph 46.

(47) Deny each and every allegation contained in paragraph 47.

(48) Deny each and every allegation contained in paragraph 48.

(49) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

(50) Deny each and every allegation contained in paragraph 50.

(51) Deny each and every allegation contained in paragraph 51.

(52) Deny each and every allegation contained in paragraph 52.

(53) Deny each and every allegation contained in paragraph 53.

(54) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54,

(55) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

(56) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

(57) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

(58) Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

(59) Deny each and every allegation contained in paragraph 59, except that a notice of claim was presented and that more than thirty days have elapsed without adjustment thereof.

(60) Deny each and every allegation contained in paragraph 60, except that a notice of claim was presented and that more than thirty days have elapsed without adjustment thereof.

(61) Deny each and every allegation contained in paragraph 61, except that a notice of claim was presented and that more than thirty days have elapsed without adjustment thereof.

(62) Deny each and every allegation contained in paragraph 62, except that a notice of claim was presented and that more than thirty days have elapsed without adjustment thereof.

(63) Admit the allegations contained in paragraph 63.

(64) Deny each and every allegation contained in paragraphs 64, except that a notice of claim was presented and that more than thirty days have elapsed without adjustment thereof.

(65) Deny each and every allegation contained in paragraphs 65, except that a notice of claim was presented and that more than thirty days have elapsed without adjustment thereof.

(66) Deny each and every allegation contained in paragraph 66.

(67)  Deny each and every allegation contained in paragraph 67.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

(68)  Deny each and every allegation contained in paragraph 68.

(69)  Deny each and every allegation contained in paragraph 69.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

(70)  Deny each and every allegation contained in paragraph 70.

(71)  Deny each and every allegation contained in paragraph 71.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

(72)  Deny each and every allegation contained in paragraph 72.

(73)  Deny each and every allegation contained in paragraph 73.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

(74)  Deny each and every allegation contained in paragraph 74.

(75)  Deny each and every allegation contained in paragraph 75.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

(76)  Deny each and every allegation contained in paragraph 76.

(77)  Deny each and every allegation contained in paragraph 77.

### FIRST AFFIRMATIVE DEFENSE

(78)    Plaintiff's culpable conduct caused and/or contributed, in whole or material part, to his injuries and/or damages.

### SECOND AFFIRMATIVE DEFENSE

(79)    At all times mentioned in the Complaint, plaintiff knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged. Plaintiff voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed. Plaintiff failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to ensure his safety. Plaintiff's primary assumption of risk solely caused his injuries and/or damages and the answering Defendants owed no duty to plaintiff with respect to the risk assumed. Plaintiff's express assumption of risk solely caused his injuries and/or damages and the answering Defendants owed no duty to plaintiff(s) with respect to the risk assumed. Plaintiff's implied assumption of risk caused or contributed, in whole or material part, to his injuries and/or damages.

### THIRD AFFIRMATIVE DEFENSE

(80)    The amounts recoverable by plaintiff are subject to limitation pursuant to:

(a)    Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made, party defendant(s) to this action: and/or

(b)    Section 15-108 of the General Obligations Law, by reason of any prior settlement between plaintiff(s) and said person(s); and/or

  (c) Section 4545 of the Civil Practice Law and Rules, are subject to reduction by collateral sources received by plaintiff(s); and/or

  (d) Punitive damages are not recoverable against the municipal defendant.

### FOURTH AFFIRMATIVE DEFENSE

(81) Any alleged acts and/or omissions of the answering defendants were not the proximate cause of plaintiff's alleged injuries and/or damages.

### FIFTH AFFIRMATIVE DEFENSE

(82) The alleged injuries and/or damages sustained by plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care on the part of plaintiff and/or other parties than the answering defendants, whether named or unnamed in this action, for whose acts and/or omissions the answering defendants are neither responsible nor liable.

### SIXTH AFFIRMATIVE DEFENSE

(83) Upon information and belief, plaintiffs have failed to mitigate, diminish or otherwise act to lessen or reduce the injuries and/or damages and/or disabilities alleged by plaintiffs in the complaint, all of which are denied by the answering defendant.

### SEVENTH AFFIRMATIVE DEFENSE

(84) Upon information and belief, this action is barred by the recalcitrant workers' doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

(85) The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST DEFENDANT JUDLAU CONTRACTING, INC.

(86)   If the plaintiffs sustained the injuries and/or damages alleged in the Complaint, which is denied by the answering defendants, through any fault other than the fault of plaintiffs, then such injuries and/or damages were caused by the active primary, and affirmative negligence, lack of care, inattention and/or other similar acts of wrongdoing by defendant Judlau Contracting, Inc. ("Judlau") without any acts and/or omissions of answering defendants contributing thereto.

(87)   That by reason of the foregoing, answering defendants are and will be entitled to have judgment by way of indemnity and/or contribution over and against defendant Judlau in whole or in material part, as to any sum that may be awarded to plaintiffs against the answering defendants.

## AND FOR A SECOND CROSS-CLAIM
## AGAINST DEFENDANT STANTEC JUDLAU

(88)   Defendant JUDLAU entered into written agreements whereby it agreed to indemnify and hold harmless answering defendants.

(89)   That by reason of the foregoing, answering defendants are and will be entitled to have judgment by way of indemnity over and against defendant Judlau in whole or in material part, as to any sum that may be awarded to plaintiffs against the answering defendants.

WHEREFORE, defendants demand Judgment dismissing plaintiffs' complaint with prejudice, granting its First and Second Cross-Claim as against co-defendant Judlau, together with the costs and disbursements of this action and such other further and different relief as this Honorable Court deems just and proper.

Dated:     New York, New York
           May 30, 2008

*Ross H. Gould*

GREENBLATT LESSER LLP
Attorneys for Defendants
NEW YORK CITY TRANSIT
AUTHORITY, MTA NEW YORK CITY
TRANSIT, METROPOLITAN TRANSIT
AUTHORITY, MTA CAPITAL
CONSTRUCTION COMPANY, and THE
CITY OF NEW YORK
370 Lexington Avenue, Suite 505
New York, New York 10017
(212) 682-9832

TO:   Ted Trief, Esq.
      Treif & Olk
      150 East 58th Street
      New York, New York 10155
      (212) 486-6060