**Memorandum Endorsement**

Mario Ventura et al. v. New York City Transit Authority et al.,
08 Civ. 2765 (LLS)

The issues raised by defendants' June 3, 2009 motion to compel and plaintiffs' June 9, 2009 cross-motion are disposed of as follows:

1. Since plaintiffs claim damages from alleged neuropsychiatric injuries to Mr. Ventura,[1] and have retained expert witnesses for trial who assert that he has sustained neuropsychiatric injuries,[2] defendants should be allowed to conduct the examination of him by neuropsychiatrist Jeffrey A. Brown outlined in the second exhibit to defense attorney Grodberg's June 19, 2009 Affirmation.

Defendants shall submit a proposed order, on consent as to form if possible, directing Mr. Ventura to undergo that neuropsychiatric examination by Dr. Brown and specifying "the time, place, manner, conditions, and scope of the examination" in accordance with Fed. R. Civ. P. 35(a)(2)(B). In drafting the proposed order, reference to the above mentioned outline will suffice to describe the manner of the examination.

2. Defendants' application for six other medical examinations in the areas of "neuropsychology," "neurology," "orthopedics," "physiatry," "otolaryngology," and "ophthalmology" is denied, without prejudice to renewal on submissions adequately specifying the need for each examination and its proposed manner, conditions and scope.

On the present record, one cannot conclude "that good cause exists for ordering each particular examination" as required by Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). See, e.g., Valita M. v. City of Chicago, No. 83 Civ. 3745 (ACW), 1986 WL

---

[1] See Pls.' Nov. 9, 2007 Notice of Claim for Adjustment and Payment of $15 million in Damages (Ex. 1 to Grodberg Esq.'s June 1, 2009 Affirm.)("Items of Damage or injuries claimed: Claimant Mario Ventura . . . has suffered and is expected to continue to suffer from serious neurological and psychiatric injuries, and other injuries and trauma.").

[2] See Pls.' Neurologist Aric Hausknecht's Dec. 23, 2008 Report at pp. 4, 6 (Ex. 3 to Grodberg Esq.'s June 1, 2009 Affirm.) claiming that Mr. Ventura's "mood is anxious and depressed," that he has "emotional problems" and other complications which "are expected medical consequences of a head injury of this nature," and that he "should be attending supportive psychotherapy and cognitive remediation sessions"; Pls.' Life Care Planner Mona G. Yudkoff's Apr. 21, 2009 Report at p. 7 (Ex. 5 to Grodberg Esq.'s June 1, 2009 Affirm.) alleging that "Mr. Ventura must cope with chronic pain, reduced function and impaired body image" and "is likely to benefit from weekly counseling for 4-6 months, followed by intermittent episodes of therapy".

8736, at *2 (N.D. Ill. Aug. 1, 1986)(motion for mental examination deficient where movant "merely stated that the examination will be a 'psychological evaluation' and that it will last 6-8 hours" since the court "knows neither the areas to be inquired into, nor the nature of the method of examination").

3. Each side's request for payment of costs, counsel fees or sanctions by the other for the motion or cross-motion is denied.

4. Plaintiffs' request for a missing witness charge, for any defense expert who examines Mr. Ventura but is not called by defendants to testify at trial, is denied as premature, without prejudice to renewal when the parties submit proposed jury charges along with their joint pre-trial order.

5. Defendants shall respond forthwith, if they have not already done so, to the interrogatory served upon them by plaintiffs on March 18, 2009 and attached as Exhibit G to plaintiffs' attorney Dinnocenzo's June 9, 2009 Affidavit.

    So ordered.

Dated: New York, New York
      August 7, 2009

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

MEMORANDUM ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIO VENTURA and ROSALIA VENTURA

                Plaintiffs,       CASE NO. 08-CV-02765

    against

                            **NOTICE OF MOTION TO**
                            **COMPEL INDEPENDENT**
                            **MEDICAL**
                            **EXAMINATIONS**

NEW YORK CITY TRANSIT AUTHORITY, MTA
NEW YORK CITY TRANSIT, METROPOLITAN
TRANSIT AUTHORITY, MTA CAPITAL CONSTRUCTION
COMPANY, THE CITY OF NEW YORK and
JUDLAU CONTRACTING, INC.

                Defendants.
------------------------------------------------------------------------x

**NOTICE OF MOTION**

    PLEASE TAKE NOTICE that upon the annexed affidavit of Mark S. Grodberg, sworn to on the 3rd day of June, 2009 attached hereto, and upon all the proceedings in this case to date, the defendants will move this Court at 9:30 A.M on the 23rd day of June, 2009, at the Courthouse located at 500 Pearl Street, New York, N.Y. in Courtroom 21 C, for an order:

1. Pursuant to Rule 35 of the Federal Rules of Civil Procedure ("FRCP) compelling Plaintiff to appear for certain independent medical examinations, in the form annexed hereto;

2. for costs of the within motion, pursuant to FRCP Rule 37(a)(4)(A),

3. for an extension of time to complete all IMES and a modification of this Court's prior pre-trial Order, pursuant to Honorable Judge Louis L. Stanton's discretion, and

4. granting such other and further relief as this Court may deem just and proper.

    PLEASE TAKE FURTHER NOTICE, that pursuant to the FRCP, Rules 5, 6(c) and 6(d) and Rule 6.1 of the Local Civil Rules for the Southern and Eastern Districts, you are hereby required to serve copies of your answering affidavits on the undersigned no later than within (4) business days after service of the within papers, and any reply affidavits and reply



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARIO VENTURA AND ROSALIA VENTURA,           08-CV-2765 (LLS)

                Plaintiffs,

- against –

NEW YORK CITY TRANSIT AUTHORITY,
MTA NEW YORK CITY TRANSIT,
METROPOLITAN TRANSIT AUTHORITY,
MTA CAPITAL CONSTRUCTION COMPANY,
THE CITY OF NEW YORK, and
JUDLAU CONTRACTING, INC.

                Defendants.
-----------------------------------------------------------------x

## NOTICE OF CROSS-MOTION

PLEASE TAKE NOTICE that upon the annexed affidavit of Eric Dinnocenzo, attorney for the plaintiffs, sworn to on the 9th day of June 2009, and upon the pleadings and proceedings heretofore had, the undersigned will move this Court at 9:30 a.m. on the 23rd day of June 2009, at the Courthouse located at 500 Pearl Street, New York, NY in Courtroom 21C, for an order:

1. For a protective order denying the defendants' request for seven medical examinations of plaintiff;

2. Direct there to be a missing witness charge at trial for any medical or psychology expert who examines plaintiff on defendants' behalf but is not called by them to testify at trial;

3. Compelling defendants to answer the interrogatory sent to them by plaintiff within 20 days; and

4. for costs and attorney's fees and any other relief the Court deems just and proper

